**PATRICIA L. MCGUIRE, OSB #96093**
patriciamcguire@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

**PAUL E. LOVING, OSB #94219**
paulloving@yahoo.com
2658 Griffith Park Blvd. #127
Los Angeles, CA 90039-2520
Telephone: (503) 880-9056
Facsimile: (323) 962-6999

Of Attorneys for Plaintiffs

FILED '05 OCT 11 09:13 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT PORTLAND

| | |
|---|---|
| **SG SERVICES, INC.,** an Oregon corporation, <br><br> **PLAINTIFF,** <br><br> v. <br><br> **ERIN OLIVER,** an individual, <br><br> **DEFENDANT**. | Case No. CV '05 1548 .AS <br><br> **COMPLAINT** <br><br> **State Unfair Competition, Intentional Interference with Economic Relations** <br><br> **Jury Trial Requested** |

SG Services, Inc. ("SG") for its complaint against Defendant Erin Oliver ("Oliver") alleges:

### JURISDICTION AND VENUE

1.     This Court has exclusive jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1338(a) and this Court's supplemental jurisdiction.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1335263v1 65660-1

5826

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this Judicial District.

## THE PARTIES

3.     At all material times herein, SG is and was a corporation organized under the laws of the State of Oregon.

4.     At all material times herein, Erin Oliver is an individual who resides in New Mexico. Personal jurisdiction is appropriate over Ms. Oliver based on her contacts with Oregon, by recruiting individuals in the state to be part of her distribution network.

## GENERAL ALLEGATIONS

5.     SG is an on-line, web-based community located at www.suicidegirls.com (the "SG Website") that features news, journals, interviews, and photos of models.

6.     The SG Website has several subscription plans. One of those plans provides that subscribers pay $4 per month if they commit to a year's membership to the SG Website.

7.     SG also operates a successful national and international burlesque tour that has performed in Albuquerque, New Mexico and intends to perform in Albuquerque again (the "SG Tour").

8.     As of November 4, 2004, Oliver is the registrant of record for the website www.gloomdolls.com (the "Site"). At all material times, the Site was available in the State of Oregon.

9.     Oliver is also the manager of a burlesque troupe called Burlesque Noir that is based in and performs in New Mexico and competes with the SG Tour in the Albuquerque market.

10.     On or about September 21, 2005, the Site, which is subtitled "SGirls, Tales From The Dark Side" and claims to be a factual tell-all about SG, launched.

Page 2 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1335263v1 65660-1

11.     The title of the home page of the Site reads: "SGirls: The Real Story." The home page of the Site further declares that "[t]his is the home for the factual stories behind the SGirls and their depraved practices.  This website is a way of archiving things that have been said on other public forums but due to censorship problems has been or will be terminated.  This is a place where connections in high places don't reach."

12.     Content on the Site includes posts made by a SG model named Jennifer Caravella (aka Sicily) ("Caravella") on another website called Myspace.com.

13.     As an SG model, Caravella entered into a Confidentiality, Invention Ownership & Intellectual Property Agreement on June 13, 2005 (the "Caravella Confidentiality Agreement").

14.     The posts on MySpace.com made by Caravella violated the Caravella Confidentiality Agreement because they contained SG confidential information.   The Myspace.com posts also contained unsubstantiated allegations against SG (the "Caravella Allegations").   Caravella's posts on Myspace.com were removed by Myspace.com at SG's request.

15.     In addition to the statements set forth in paragraphs 11-14, the Site also contains other statements that falsely disparage or are misleading about SG.

16.     Not only does the Site contain falsely disparaging and misleading statements, the Site encourages visitors to the Site to covertly distribute such false and misleading information to the media and to post it in other places on the Internet.

17.     Oliver further blatantly disregards the unlawfulness of any of content found on the Site by stating on the Site that although content posted on the Site may have been removed from other sites, that content will not be removed from the Site.

18.     The Site also encourages visitors to the Site who are members of the SG website and have agreed to pay $4 per month for one year, to breach their membership

Page 3 - COMPLAINT

agreement with SG and not pay SG. If Oliver's suggestion was followed, the result would be financially crippling to SG.

19.    On September 27, 2005, immediately after learning of Oliver's actions, SG's lawyer wrote to Oliver and placed her on notice that statements made in the Caravella Allegations contained SG confidential information, were disclosed in breach of the Caravella Confidentiality Agreement and that the Site contained numerous statements that were falsely disparaging or misleading and demanded that all such content be removed and that Oliver enter into settlement negotiations (the "SG Letter").

20.    On or before October 3, 2005, without contacting SG, Oliver removed the statements set forth in General Allegation 11 from the Site and replaced it with the SG Letter, but continued to display the Caravella Allegations in their entirety and all other content referred to herein.

## FIRST CLAIM FOR RELIEF

### (Intentional Interference with Economic Relations)

21.    SG incorporates by reference the allegations in paragraphs 1-20.

22.    At no time did SG authorize, either directly or indirectly, Defendant to: a) publish SG confidential information, including that SG confidential information that was subject to the Caravella Confidentiality Agreement, b) encourage members of the SG Website to breach their membership agreement with SG; c) authorize, either directly or indirectly, Caravella to disclose SG confidential information, or d) authorize, either directly or indirectly, any SG Website member to breach their agreement with SG.

23.    Defendant improperly and without authorization from SG, published SG confidential information that was subject to the Caravella Confidentiality Agreement and encouraged members of the SG Website to breach their membership agreement with SG. In so doing, Defendant misrepresents to the public generally, and to Caravella and SG Website members specifically, that they, respectively, are authorized to disclose SG confidential

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1335263v1 65660-1

information, including SG confidential information that is subject to the Caravella Confidentiality Agreement and that members of the SG Website may breach their membership agreement with SG.

24.     Despite being put on notice that SG does not authorize Defendant to publish SG confidential information, including SG confidential information that was subject to the Caravella Confidentiality Agreement, or authorize Defendant to encourage members of the SG Website to breach their membership agreement with SG, Oliver has continued, and to this date continues, to do so willfully and with full knowledge that she has no authority from SG to do so.

25.     SG has entered into direct business relationships with Caravella and all members of the SG Website.

26.     Defendant, who is an unauthorized third party, has intentionally interfered with those relationships using improper means of deceit, misrepresentation, defamation, or disparaging falsehood (as set forth in paragraphs 22-24).

27.     Defendant's actions have caused damage to SG's business relationships and to SG's prospective economic advantage.

28.     Defendant's unauthorized actions and tactics have been taken for the improper purpose of causing confusion among SG's Website subscribers and consumers and potential SG Website subscribers and consumers and have caused, and continue to cause, harm to SG, including without limitation harm to SG's reputation among consumers and to SG's goodwill.

29.     SG, as well as members of the public, will suffer irreparable harm if Defendant continues to publish SG confidential information, including SG confidential information that was subject to the Caravella Confidentiality Agreement, and if Defendant encourages members of the SG Website to breach their membership agreement with SG.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1335263v1 65660-1

## SECOND CLAIM FOR RELIEF

### (State Unfair Competition, ORS § 646.638)

30.    SG incorporates by reference the allegations of paragraphs 1-29.

31.    Defendant Oliver carried out her actions in the course of her business, vocation or occupation, disparaged SG by posting false and misleading statements of fact and interfered with SG's economic relationships.

32.    Defendant Oliver disparaged SG by posting false and misleading statements of fact.

33.    The conduct of Oliver is willful, has directly and proximately caused, and is so causing, injury to SG in its business, and has adversely affected, and is so affecting, the people of the State of Oregon by posting false and misleading statements of fact about an Oregon corporation.

34.    SG is entitled to recover actual damages, punitive damages, and its costs and attorney's fees and pursuant to ORS § 646.638.

### JURY DEMAND

SG respectfully demands trial by jury.

**WHEREFORE,** SG pray for a judgment of this Court in favor of SG and against Defendant as follows:

1.    For judgment that Oliver has competed unfairly with SG in violation of SG's rights under Oregon law;

2.    For judgment that Oliver's conduct was in grievous disregard for social norms and entitles SG to punitive damages;

3.    For judgment in favor of SG that Defendant intentionally interfered with SG's economic relationships with Caravella and SG Website members.

4.    For a temporary, preliminary and permanent injunction restraining and enjoining Defendant, its agents, servants, employees, successors, licensees, subsidiaries and

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1335263v1 65660-1

assignees, joint venturers, and any persons in active concert or participation with any of them, from:

    (a)  competing unfairly with Plaintiff in any manner;

    (b)  intentionally interfering with SG's economic relationships, including with Caravella and SG Website members;

    (c)  continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

  5.  For Plaintiff's attorneys' fees, costs and disbursements incurred herein;

  6.  For interest on the judgment at the rate of 9% per annum from the date of judgment until paid in full; and

  7.  For such other relief this Court deems just and equitable.

DATED this _10th_ day of October, 2005.

      **DAVIS WRIGHT TREMAINE** LLP

    By _____

     **PATRICIA L. MCGUIRE,** OSB #96093
     (503) 241-2300
     patriciamcguire@dwt.com
     Of Attorneys for Plaintiffs

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1335263v1 65660-1